UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MELLQUIST,

    Petitioner,

-vs-                                    Case No. 8:21-cv-170-WFJ-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Mellquist, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 14), which Mr. Mellquist opposes (Doc. 16). Upon consideration, the motion to dismiss will be granted.

### Procedural Background

On July 19, 2016, Petitioner was found guilty by a jury of second-degree murder (Doc. 14-2, Ex. 2). He was sentenced to life in prison (*Id.*, Ex. 4). His conviction and sentence were affirmed on appeal on December 13, 2017 (*Id.*, Ex. 6).

On January 29, 2018, Mr. Mellquist filed a "Motion for New Trial and Prohibition" in the Florida Supreme Court (*Id.*, Ex. 8). The motion was dismissed for lack of jurisdiction on February 5, 2018 (*Id.*, Ex. 9).

On March 8, 2018, Mr. Mellquist filed a "2nd Notice of Appeal and New Case

1

Number" in the state circuit court which was transferred to the Florida Second District Court of Appeal, docketed in case number 2D18-1004, and treated as a petition alleging ineffective assistance of counsel (*Id.*, Exs. 10, 11). Also filed in case number 2D18-1004 was Mr. Mellquist's "Motion to Compel" in which he moved the appellate court to compel former counsel to provide records (*Id.*, Ex. 12). The appellate court treated the motion as a petition for the writ of mandamus and on March 27, 2018, dismissed the petition without prejudice to Mr. Mellquist refiling the petition in the circuit court after the mandate issued in his direct appeal, case number 2D16-3630 (*Id.*, Ex. 13). The case was closed on May 15, 2018 (*Id.*, Ex. 11). On April 15, 2019, Mr. Mellquist filed a motion for reinstatement and motion to supplement and extension of time (*Id.*). The motions were treated as a motion for rehearing and stricken as untimely (*Id.*).

On June 12, 2019, Mr. Mellquist filed a "Third Notice of Appeal and Designation of New Case Number" in the circuit court (*Id.*, Ex. 14) in which he requested "to proceed diligently with his own direct appeal." The circuit court sent the notice to the appellate court, which opened case number 2D19-2287 (*Id.*, Ex. 15). On August 8, 2019, the appeal was dismissed as an unauthorized second appeal and without prejudice to Mr. Mellquist filing a timely petition alleging ineffective assistance of appellate counsel (*Id.*, Ex. 16).

On August 27, 2020, Mr. Mellquist filed a petition alleging ineffective assistance of appellate counsel (*Id.*, Ex. 18). The petition was dismissed as untimely on October 22, 2020 (*Id.*, Ex. 19).

2

On November 10, 2020, Mr. Mellquist filed a petition for the writ of habeas corpus in the Florida Supreme Court (*Id.*, Ex. 21). The petition was dismissed for lack of jurisdiction on November 30, 2020 (*Id.*, Ex. 22).

Mr. Mellquist filed his federal habeas petition in this Court on January 19, 2021 (Doc. 1).

## Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Petitioner's judgment of conviction became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). And "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was affirmed by the appellate court on December 13, 2017. Therefore, for purposes of § 2244(d), the judgment became final ninety (90) days later on March 13, 2018. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir.2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in Supreme

Court expired); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir.2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."); Supreme Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). Thus, Petitioner's AEDPA statute of limitations period commenced on March 14, 2018. He therefore had until March 13, 2019, to file a timely federal habeas petition under § 2254. His habeas petition was filed on January 19, 2021. Accordingly, his petition is untimely unless the limitations period was tolled for a sufficient period by properly filed state court post-conviction applications.

Mr. Mellquist's January 29, 2018 "Motion for New Trial and Prohibition" tolled no time because it was dismissed on February 5, 2018, before the limitations period started. Arguably, Mr. Mellquist's March 8, 2018, "2nd Notice of Appeal and New Case Number" tolled the limitations period because it was treated as a petition alleging ineffective assistance of appellate counsel. However, the limitations period remained tolled only until May 15, 2018, because the petition was no longer pending when the case was closed on that date. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period."). Thus, after the limitations period started on

Thursday, May 16, 2018, it expired 365 days later on Friday, May 15, 2019.[1] Accordingly, the federal habeas petition is untimely.

### Equitable tolling

Mr. Mellquist implicitly argues that his petition should not be dismissed as untimely because he is entitled to equitable tolling (Doc. 1 at docket p. 31; Doc. 16 at docket p. 1). A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He must show a causal connection between the extraordinary circumstances and the late filing of the petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). A prisoner bears the burden of proving that he is entitled to equitable tolling. *Id.* at 1268.

Mr. Mellquist has not met his burden to show he is entitled to equitable tolling. He first contends he is entitled to equitable tolling because he was "affirmatively misled about the results [of his appeal] by appellate counsel." (Doc. 1 at docket p. 31). But this contention warrants no equitable tolling because it is vague and conclusory with no

---

[1] Because it was stricken as untimely (*see* Doc. 14-2, Ex. 11), Mr. Mellquist's April 15, 2019 motion for rehearing was not "properly filed" and therefore did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (when a state court rejects the petitioner's post-conviction motion as untimely, "it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). Moreover, Mr. Mellquist's June 12, 2019, August 27, 2020, and November 10, 2020 post-conviction filings had no tolling effect because they were filed after the AEDPA's limitations period already expired. *See Webster*, 199 F.3d at 1259; *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period).

support in the record. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir.1983) (absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his *pro se* petition to be of probative value); *San Martin*, 633 F.3d at 1271 (petitioner was not entitled to an evidentiary hearing on equitable tolling where allegations were conclusory and unsupported by evidence). Moreover, the contention is belied by appellate counsel's December 13, 2017 letter in which he informed Mr. Mellquist he had "lost" his appeal when the appellate court affirmed his conviction (Doc. 14-2, Ex. 12 at docket p. 84). Accordingly, Mr. Mellquist's first contention warrants no equitable tolling.

Petitioner's second contention appears to be he was missing state court records (Doc. 1 at docket pp. 30-31; Doc. 16). But even if Mr. Mellquist was without certain records (which he fails to identify), he fails to explain why he could not prepare a state post-conviction motion or timely federal habeas petition before the statute of limitations expired. In Florida, "[a]vailability of a transcript is ... not necessary for the preparation of a legally sufficient motion for post-conviction relief." *Carr v. State*, 495 So. 2d 282, 282 (Fla. 2d DCA 1986). In preparing the post-conviction motion, the prisoner "must simply do the best he can from his recollection of the trial." *Dorch v. State*, 483 So.2d 851, 852 (Fla. 1st DCA 1986). *See also Neal v. McNeil*, 2010 WL 298294, at *7 (N.D. Fla. Jan. 15 2010) (concluding that habeas petitioner failed to show that his appellate counsel's failure to provide a copy of his trial transcript prevented him from filing a Rule 3.850 motion; the Rule does not require the attachment of transcripts, and despite not having the transcript, the petitioner filed two Rule 3.850 motions). Therefore, Mr. Mellquist's

contention that he was without certain state court records for an unspecified period is insufficient to warrant equitable tolling. *See, e.g., Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (stating that "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000))); *Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir. 2002) (Court denied petitioner equitable tolling based on the deprivation of legal materials because petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials.").

Accordingly:

1. Respondent's construed motion to dismiss (Doc. 14) is **GRANTED**. Mr. Mellquist's petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred.

2. The Clerk must enter judgment against Mr. Mellquist and close this case.

**Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues

presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster*, 199 F.3d at 1257 n. 2 (dismissal of habeas petition as time-barred is procedural). Mr. Mellquist cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

ORDERED in Tampa, Florida on December 13, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
John Mellquist, *pro se*